Filed 11/13/25  P. v. Zavala CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, |  |
| Plaintiff and Respondent, | E083341 |
| v. | (Super.Ct.No. SWF1300713) |
| FRANCISCO ROY ZAVALA, JR., | OPINION |
| Defendant and Appellant. |  |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed with directions.

Stephanie A. Lickel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, James William Bilderback II, Assistant Attorney General, Holly D. Wilkens, Elizabeth M. Renner and Meridith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Defendant and appellant Francisco Roy Zavala, Jr., was sentenced to death in 2015 for first degree, special-circumstance murder. He appeals from the trial court's order denying him relief under Penal Code section 1172.75—the statute that provides a mechanism for resentencing individuals "currently serving a term for a judgment that includes" a now invalid one-year prior-prison-term enhancement imposed under Penal Code section 667.5, former subdivision (b). (Pen. Code, § 1172.75, subd. (b).)[1]

After the California Department of Corrections and Rehabilitation (CDCR) identified Zavala as potentially eligible for resentencing under section 1172.75, the trial court concluded that it lacked jurisdiction to resentence Zavala because his automatic appeal from the judgment of death is still pending in the California Supreme Court. The court also concluded that, even if it had jurisdiction, Zavala was not entitled to relief under section 1172.75 because his prior-prison-term enhancement was stayed.

Zavala challenges the trial court's order, arguing that (1) section 1172.75 constitutes an exception to the general rule that a pending appeal divests the trial court of jurisdiction to modify the judgment, and (2) section 1172.75 applies to stayed prior-prison-term enhancements. We agree with the trial court that Zavala is not entitled to relief but for a different reason. Although Zavala admitted that he served one prior term

_____

[1] Unlabeled statutory citations refer to the Penal Code.

2

in prison and, although the abstract of judgment states that the trial court imposed *two* prior-prison-term enhancements, the transcript of Zavala's sentencing hearing reveals that the trial court did not impose any such enhancements.

Because the trial court's oral pronouncement of judgment constitutes the judgment (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 (*Mitchell*)), we conclude that Zavala is not currently serving a term "for a judgment that includes" a now invalid prior-prison-term enhancement (§ 1172.75, subd. (b)) and is, therefore, not entitled to relief under the statute. Accordingly, we affirm the trial court's order and direct the court to correct the clerical error in the abstract of judgment.

## FACTUAL BACKGROUND

In 2015, a jury found Zavala guilty of the first degree murder of 16-year-old Eric Sargeant and found true the special-circumstance allegation that Zavala committed the murder while engaged in robbery. (§§ 187, subd. (a), 190.2, subd. (a)(17)(A).) The jury returned a verdict of death on the murder conviction. In a bifurcated proceeding, Zavala admitted that he: (1) suffered two prior strike convictions (§§ 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(A)); (2) suffered two prior serious felony convictions (§ 667, subd. (a).); and (3) served a prior term in prison within the meaning of section 667.5, former subdivision (b).

At Zavala's sentencing hearing on December 4, 2015, the trial court denied his motions to modify the death penalty sentence and to reconsider the weight of the evidence. After sentencing Zavala to death on the murder conviction, the court stated: "The court is also going to, with respect to the strike allegations, two strikes having been

3

found true, and a 667(a) prior, the court will impose the 25 to life in state prison. The court will also consec [sic] five years in state prison. Both of those terms are stayed at this point due to the death penalty judgment of this court." As the transcript demonstrates, the trial court did not impose a prior-prison-term enhancement, despite Zavala's admission. The minute order from the sentencing hearing also does not contain any reference to a prior-prison-term enhancement. However, the original abstract of judgment dated December 11, 2015, and the amended abstract of judgment dated January 31, 2019, both state that the court imposed *two* prior-prison-term enhancements.

Zavala's automatic capital appeal has been pending in the Supreme Court since the imposition of judgment in December 2015. As of the time of the filing of this appeal, Zavala's opening brief in the capital appeal is due in September 2025.

In 2021, the Legislature declared legally invalid prior-prison-term enhancements imposed before January 1, 2020, except those arising from convictions for sexually violent offenses. Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3) added section 1171.1, later renumbered as section 1172.75, which provides a procedure for recalling the sentence and resentencing inmates serving terms that include the now-invalid enhancements (§ 1172.75, subd. (a)). In 2023, CDCR informed the superior court that Zavala was potentially eligible for resentencing under section 1172.75. After conferring with counsel in chambers, the court issued an order concluding that it lacked jurisdiction to resentence Zavala "as the case is currently on appeal." The court also concluded that, even if it had jurisdiction, Zavala was not entitled to relief under section 1172.75 because his prior-prison-term enhancement was stayed. Zavala timely appealed.

4

DISCUSSION

Before January 1, 2020, section 667.5, subdivision (b), required the court to impose a one-year enhancement for each prior prison term the defendant had served, unless the defendant had remained free of custody for the preceding five years.  (§ 667.5, former subd. (b); *People v. Garcia* (2024) 101 Cal.App.5th 848, 854.)  Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1) amended section 667.5 to limit the enhancement to prior prison terms for sexually violent offenses (§ 667.5, subd. (b); *Garcia*, at p. 854).  Courts applied the amendment to section 667.5 retroactively to cases not yet final on January 1, 2020.  (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1062 (*Rhodius*).)

Effective January 1, 2022, Senate Bill No. 483 made the change retroactive to "all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements."  (Stats. 2021, ch. 728, § 1.)  As noted, Senate Bill No. 483 also created a resentencing procedure.  Section 1172.75, subdivision (a), states:  "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."  Section 1172.75, subdivision (b), requires CDCR to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)."  Section 1172.75, subdivision (c), requires the trial court to "review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)."  If the court determines

that the current judgment includes a now-invalid prior-prison-term enhancement, the court must "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

The parties' dispute on appeal focuses on the trial court's reasons for denying section 1172.75 resentencing. The parties disagree over: (1) whether Zavala's pending capital appeal divests the trial court of jurisdiction to resentence him under section 1172.75 and (2), if not, whether section 1172.75 applies to stayed prior-prison-term enhancements. While this appeal was pending, our Supreme Court resolved the second issue in the affirmative in *Rhodius*, holding that section 1172.75 "entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed." (*Id.* at p. 1054.) However, neither issue impacts our resolution of this case because the record reveals that Zavala's judgment does not include a prior-prison-term enhancement.

As the People point out in their respondent's brief, although Zavala admitted serving a prior prison term and the abstract of judgment includes two stayed prior-prison-term enhancements, the trial court's "oral pronouncement of judgment" did not "mention the prior prison term enhancement pursuant to section 667.5, subdivision (b)." The People argue that "[r]egardless [of that discrepancy], it is clear the trial court intended to stay the sentences on all of the prior conviction enhancements." According to the People, the fact that any prior-prison-term enhancements that the trial court may have imposed were also stayed is what makes Zavala ineligible for relief under section 1172.75. But

6

that view has the consequence of the discrepancy reversed. It is the trial court's oral pronouncement of judgment, not the abstract of judgment, that constitutes the judgment.

"An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*Mitchell*, *supra*, 26 Cal.4th at p. 185.) "Courts may correct clerical errors at any time, and appellate courts (including this one) that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts." (*Ibid.*) Here, because the transcript of Zavala's sentencing hearing demonstrates that the trial court did not impose any prior-prison-term enhancements, Zavala is not a person described by section 1172.75, subdivision (b), and he is therefore not entitled to relief under the statute. For that reason, we affirm the trial court's order. (See *People v. Battle* (2021) 11 Cal.5th 749, 800 [An appellate court reviews the trial court's ruling, not its reasoning, and will affirm on any correct ground.].)

DISPOSITION

The clerk of the superior court is directed to correct the abstract of judgment to reflect that the court did not impose any prior-prison-term enhancements under section 667.5, subdivision (b). The clerk of the superior court is directed to forward copies of the corrected abstract of judgment to the CDCR. The order denying section 1172.75 resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
                                                                                                J.
We concur:


RAMIREZ
                    P. J.


MENETREZ
                    J.

8